# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**MOSAIC POTASH CARLSBAD, INC.,**

    **Plaintiff,**

**v.**                                                     **No.  16-cv-0808 KG/SMV**
                                                               17-cv-1268 KG/SMV

**INTREPID POTASH, INC., INTREPID POTASH-NEW MEXICO, LLC, and STEVE GAMBLE,**

    **Defendants,**

**and**

**STEVE GAMBLE,**

    **Counterclaimant,**

**v.**

**MOSAIC POTASH CARLSBAD, INC.,**

    **Counter-defendant.**

## MEMORANDUM OPINION AND ORDER AWARDING REASONABLE EXPENSES

THIS MATTER is before the Court on Plaintiff's request for reasonable expenses as the prevailing party on a motion for a protective order. On April 6, 2018, Plaintiff filed a motion for a protective order to prevent Defendants Intrepid Potash, Inc. and Intrepid Potash-New Mexico, LLC ("Defendants") from inspecting its facilities. On May 18, 2018, the Court granted the motion and awarded reasonable expenses to Plaintiff pursuant to Fed. R. Civ. P. 37(a)(5). [Doc. 100]. On May 29, 2018, Plaintiff filed an Affidavit and supporting documents requesting

expenses, including attorney's fees, in the amount of $22,580.80. [Doc. 102]. Defendants filed objections on June 12, 2018. [Doc. 105]. Having considered the parties' submissions, and having reviewed other cases from this district involving the award of attorney's fees, the Court concludes that both the hourly rates and amount of time requested are excessive. The Court will award Plaintiff reasonable expenses in the amount of **$7,115**.

## The Law Regarding Attorney's Fees

"To determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar is "'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate,' which produces a presumptively reasonable fee that may in rare circumstances be adjusted to account for the presence of special circumstances." *Anchondo v. Anderson, Crenshaw & Assoc., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010) (quoting *Hensley v. Ekerhart*, 461 U.S. 424, 433 (1983), and *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 543–44 (2010)).

"The party requesting attorney fees bears the burden of proving" the two components used to calculate the fee award: (i) "the amount of hours spent on the case," and (ii) "the appropriate hourly rates." *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000). Once the Court makes these two determinations, the fee "claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson*, 160 F.3d at 1281; *see Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). The party entitled to fees must provide the district court with sufficient information to evaluate

prevailing market rates. *See Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006). Moreover, the party must also demonstrate that the rates are similar to rates for similar services by "lawyers of reasonably comparable skill, experience, and reputation" in the relevant community and for similar work. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1255–56 (10th Cir. 1998). Only if the district court does not have adequate evidence of prevailing market rates for attorney's fees may it, "in its discretion, use other relevant factors, including its own knowledge, to establish the rate." *Case*, 157 F.3d at 1257; *see also United Phosphorus*, 205 F.3d at 1234 (A court abuses its discretion when its "decision makes no reference to the evidence presented by either party on prevailing market rate[,]" and its rate decision is based solely on the court's "own familiarity with the relevant rates in this community.").

## Analysis

Plaintiff requests $22,580.80 in attorney's fees for 64.7 total hours of work expended by five partners, two associates, and a paralegal at two law firms. [Doc. 102]. Plaintiff requests fees for roughly 27 hours of drafting and reviewing its motion; 15 hours of drafting and reviewing its reply; 17 hours of research; and 5 hours of other related work. *See generally* [Docs. 102-1, 102-2]. Defendants object to the reasonableness of both the number of hours expended and the hourly rates. [Doc. 105] at 3–5. The following is a breakdown of the hours expended and hourly fee rates requested for each of the attorneys and support staff.

|  | Rate | Hours | Fee |
|---|---|---|---|
| **Dorsey & Whitney LLP** | | | |
| Mr. Tahdooahnippah | $396 | 34.6 | $13,701.60 |
| Mr. Zayed | $612 | 2.6 | $1,591.20 |
| Mr. Brey | $270 | 10.4 | $2,808.00 |
| Mr. Merker | $252 | 5.0 | $1,260.00 |

3

| | | | |
|---|---|---|---|
| **Kemp Smith LLP** | | | |
| Mr. High | $350 | 2.5 | $875.00 |
| Mr. Sanchez | $220 | 5.1 | $1,122.00 |
| Ms. Morrow | $275 | 4.4 | $1,210.00 |
| Ms. Sagaribay | $130 | 0.1 | $13.00 |
| **TOTAL:** | | **64.7** | **$22,580.80** |

**The Time Expended on the Motion**

Courts have an obligation to exclude hours not "reasonably expended" from the lodestar calculation. *Malloy*, 73 F.3d at 1018. There are two elements to the reasonableness inquiry: first, whether the attorney has exercised billing judgment and deleted excessive, unnecessary, or redundant fees from his or her fee application, and second, whether the fee award is reasonable in light of the success obtained. *See Hensley*, 461 U.S. at 434. The burden is on the party requesting fees to demonstrate that the time expended was indeed reasonable. *Case*, 157 F.3d at 1249. With respect to legal research performed, the party requesting fees must provide enough information to determine whether the research was related to successful issues and reasonably necessary. *See id*. at 1252. "An award of reasonable attorneys' fees may include compensation for work performed in preparing and presenting the fee application." *Id*. at 1254 (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1205 (10th Cir. 1986)).

Plaintiff has submitted its attorneys' invoices for the time expended on its motion for a protective order and reply in support thereof. [Docs. 102-1, 102-2]. Defendants argue that the number of hours expended is excessive for a single motion and reply. [Doc. 105] at 3–4. They maintain it was unreasonable for seven attorneys, including five partners, to expend more than 60 hours on the motion and reply. *Id.* In particular, they note that the time spent by several partners reviewing and revising the filings was excessive in light of the fact that a partner (rather

4

than a less experienced attorney) drafted the briefs in the first instance. *Id.* at 4. Moreover, Defendants note that Plaintiff requests fees for more than 15 hours of research but fails to show that such research was related to successful issues and reasonably necessary. In short, Defendants argue that Plaintiff has failed to carry its burden of demonstrating the reasonableness of the hours expended. *Id.*

The Court has reviewed Plaintiff's affidavit and timesheets in detail and has considered the skill required to perform the legal services properly. Plaintiff prepared a 17-page motion and 13-page reply. There was no oral argument. The briefing concerned a single, straightforward dispute. Beyond supplying the attorneys' timesheets, Plaintiff makes no effort to explain the reasonableness of the number of hours spent researching the issues and drafting and revising its briefs. Nor does Plaintiff indicate the extent to which it has "exercised billing judgment" and removed of its own accord excessive, unnecessary, and redundant entries. The Court finds that the number of hours for which Plaintiff requests fees is excessive. The attorneys' billing entries for researching, drafting, revising, and reviewing the briefs were excessive and, in many instances, unnecessary and redundant. The Court concludes that the hours expended should be reduced to the following: 17 hours for Mr. Tahdooahnippah; 1 hour for Mr. Zayed; 2.5 hours for Mr. Brey; 2.5 hours for Mr. Merker; 1 hour for Mr. High; 2 hours for Mr. Sanchez; and 2 hours for Ms. Morrow.[1] A total of 28 hours of work, performed by five partners and two associates, is reasonable and not excessive, redundant, or unnecessary.

---

[1] I have also removed the 0.1 hours of paralegal time billed by Ms. Sagaribay for calendaring Plaintiff's deadline for filing an affidavit of expenses and Defendants' deadline for objections. [Doc. 102-2] at 20; *see Martinez v. Bd. of Cty. Comm'rs*, 15-cv-0653 MV/JHR, [Doc. 57] at 6 (D.N.M. Apr. 4, 2018) (calendaring dates, among other tasks, resembled clerical work for which paralegal could not recover attorney's fees).

**The Reasonable Hourly Rate**

"To determine what constitutes a reasonable rate, the district court considers the prevailing market rate in the relevant community." *Lippoldt*, 468 F.3d at 1224. "The rate must reflect rates that are reasonable in light of: (i) the attorney's level of experience; and (ii) the work the attorney performed." *XTO Energy, Inc. v. ATD, LLC*, No. 14-cv-1021 JB/SCY, 2016 WL 5376322, at *10 (D.N.M. Aug. 22, 2016). In general, the "relevant community" is "the area in which the court sits." *Gottlieb v. Barry*, 43 F.3d 474, 485 n.8 (10th Cir. 1994). The court must look to the parties' evidence of the prevailing market rate. *Case*, 157 F.3d at 1257. It is typically established through the affidavits of local attorneys who practice in the same field as the attorneys seeking the fees. *See, e.g.*, *United Phosphorus*, 205 F.3d at 1232 ("In addition [to submitting an affidavit from the attorney requesting fees], United submitted one affidavit from another attorney in Kansas City who reviewed the rates, stating the rates were within the range of what attorneys with comparable skills and experience practicing trademark infringement law in the Kansas City area would charge."); *XTO Energy*, 2016 WL 5376322, at *5–7 (discussing affidavits submitted by attorneys practicing similar legal work in New Mexico); *Martinez ex rel. Est. of Martinez v. Salazar*, No. 14-cv-0534 KG/WPL, 2016 U.S. Dist. LEXIS 57269, at *2 (D.N.M. Apr. 28, 2016) ("Plaintiff supported Coberly's declaration with the resumes of Coberly and Chakeres as well as with a declaration by Daniel Yohalem, a New Mexico attorney, who opined as to the prevailing market rates for attorneys like Coberly and Chakeres."). If the court lacks adequate evidence to determine the prevailing market rate, it may use other factors, including its own knowledge, to establish the rate. *Case*, 157 F.3d at 1257.

Plaintiff's affidavit sets out each attorney's level of experience and requests hourly rates consistent with their respective billing rates for this matter. *See* [Doc. 102] at 1–4. Plaintiff, however, provides no evidence of the prevailing market rates for its attorneys. Indeed, Plaintiff does not even affirmatively contend that its attorneys' billing rates—the rates on which Plaintiff relies to calculate its expenses—are reasonable rates for the prevailing market. *See generally* [Doc. 102]. Nor do Defendants provide any evidence of the prevailing market rates. *See* [Doc. 105] at 4–5. Defendants simply point out that Plaintiff has failed to meet its burden on this point. *Id.* at 5. Defendants request that the Court set its own appropriate hourly rates in calculating the lodestar amount. *Id.*

The Court finds that the parties have not provided adequate evidence on which it could determine the prevailing market rates for the attorneys based on their skill and experience level. Indeed, they have provided none. Accordingly, the Court will employ its own knowledge, informed by the analysis of other recent decisions in this district,[2] to establish reasonable hourly rates for intellectual property work in New Mexico.[3] *See Case*, 157 F.3d at 1257 (court may use its own knowledge, among other factors, to establish the rate if it lacks adequate evidence from

---

[2] *See XTO Energy*, 2016 WL 5376322, at *14 (hourly rate of $350 was reasonable for a "very experienced partner" doing "high-end commercial work" and hourly rate of $200 was reasonable for a "very good associate" in New Mexico).

[3] Some of Plaintiff's attorneys are based in Minneapolis, MN. However, in the Tenth Circuit, "[u]nless the subject of the litigation is 'so unusual or requires such special skills' that only an out-of-state lawyer possesses, 'the fee rates of the local area should be applied even when the lawyers seeking fees are from another area.'" *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (quoting *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983)); *see also Gottlieb*, 43 F.3d at 485 n.8 (relevant market rate is "based upon the norm for comparable private firm lawyers in the area in which the court sits"); *XTO Energy*, 2016 WL 5376322, at *28 ("The rates Holland & Hart charges other clients in different legal markets for different work is not relevant to determining whether the rates that Holland & Hart is charging to litigate the Manley and Betancur cases in Eddy County, New Mexico are reasonable."); *Nicholas v. Double J Disposal, Inc.*, 2016 WL 559185, at *3 n.2 (D. Colo. Feb. 12, 2016) (relevant community is "the place where the case is brought and where it would be tried," not where the attorneys requesting fees are based). Plaintiff does not argue that the present case is so unusual or complex as to require out-of-state counsel. Therefore, the Court will consider the reasonable fee rate for New Mexico.

the parties). The Court accepts as reasonable the requested hourly rates as to Mr. High ($350), Mr. Sanchez ($220), and Ms. Morrow ($275). The Court finds that reasonable hourly rates for the remaining attorneys are as follows: $275 for Mr. Tahdooahnippah; $350 for Mr. Zayed; $150 for Mr. Brey; and $150 for Mr. Merker. The following is a breakdown of the reasonable hours expended and hourly fee rates, as determined by the Court.

|  | Rate | Hours | Fee |
|---|---|---|---|
| **Dorsey & Whitney LLP** | | | |
| Mr. Tahdooahnippah | $275 | 17.0 | $4,675.00 |
| Mr. Zayed | $350 | 1.0 | $350.00 |
| Mr. Brey | $150 | 2.5 | $375.00 |
| Mr. Merker | $150 | 2.5 | $375.00 |
| **Kemp Smith LLP** | | | |
| Mr. High | $350 | 1.0 | $350.00 |
| Mr. Sanchez | $220 | 2.0 | $440.00 |
| Ms. Morrow | $275 | 2.0 | $550.00 |
| **TOTAL:** | | **28** | **$7,115.00** |

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that **$7,115** is **AWARDED** to Plaintiff as reasonable expenses pursuant to Fed. R. Civ. P. 37(a)(5). *See* [Doc. 100]. Defendants must pay such expenses to Plaintiff no later than **July 5, 2018**. However, if Defendants timely object to this order, the order will be stayed pending resolution of the objections.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**