IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MOSAIC POTASH CARLSBAD, INC.,

    Plaintiff,

v.                                                              No. 16-cv-0808 KG-SMV
                                                              No. 17-cv-1268 KG-SMV

INTREPID POTASH, INC.,
INTREPID POTASH-NEW MEXICO, LLC,
and STEVE GAMBLE,

    Defendants,

and

STEVE GAMBLE,

    Counterclaimant,

v.

MOSAIC POTASH CARLSBAD, INC.,

    Counter-defendant.

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF NON-PRIVILEGED
DOCUMENTS CONSIDERED BY EXPERT WITNESS DR. BARBARA ARNOLD**

THIS MATTER is before the Court on Plaintiff's Motion to Compel Production of Non-Privileged Documents Considered by Expert Witness Dr. Barbara Arnold [Doc. 221], filed on May 15, 2019. Defendants Intrepid Potash, Inc., and Intrepid Potash-New Mexico, LLC (collectively, "Intrepid") responded on June 4, 2019. [Doc. 233]. Defendant Gamble did not respond. Plaintiff replied on June 19, 2019. [Doc. 262]. Intrepid submitted documents to the

Court for *in camera* review on July 2, 2019. The Court has considered the briefing, the relevant portions of the record, the relevant law, and the documents it reviewed *in camera*. Being otherwise fully advised in the premises, the Court will **DENY** Plaintiff's Motion.

## BACKGROUND

Mosaic Potash Carlsbad, Inc. ("Mosaic" or "Plaintiff") sued Defendants Intrepid and Steve Gamble for trade-secret appropriation, among other claims. [Doc. 66] at 22 (Consolidated Complaint). It alleges that Intrepid hired former Mosaic employee Mr. Gamble to unlawfully take advantage of his knowledge of Mosaic's confidential langbeinite-processing technique. [Doc. 221] at 2.[1] Mosaic retained Carlos Perucca as an expert. He submitted an expert report, where he opines about Mosaic's alleged trade secrets, among other issues. *See* [Doc. 208-6] at 3. Attached to the report were certain documents that had been produced by Intrepid in the course of discovery. *See* [Doc. 282] (clerk's minutes). Intrepid retained Dr. Barbara Arnold, a mineral-processing expert, to testify about Mosaic's alleged trade secrets, whether the trade secrets represent common industry knowledge, and the trade secrets' likely effect on Intrepid's operations. [Doc. 210-1] at 6–7.

Mr. Toll forwarded the attachments to Mr. Perucca's report to Dr. Arnold via email on February 17, 2019. *See* [Doc. 233-1] at 2. In that email, Mr. Toll asked Dr. Arnold questions about some of the attachments. Dr. Arnold subsequently participated in a conference call with Mr. Toll and Chris Nyikos, an Intrepid employee. The three discussed the questions Mr. Toll raised in the February 17, 2019 email, as well as the documents attached thereto. During the

---

[1] Langbeinite is a mineral that is mined, produced, and used as crop fertilizer and an animal-feed supplement. [Doc. 221] at 2.

conference call, Dr. Arnold took notes on a hard copy of the email. [Doc. 224-3] at 9. These notes are the subject of the instant Motion to Compel. The Court will refer to the document at issue—which includes both the hard copy of the email and Dr. Arnold's handwritten notes on it—as "the document." Plaintiff believes the notes on the document are discoverable because they reflect "facts or data" considered by Dr. Arnold in formulating her opinions. [Doc. 221] at 4–6. Dr. Arnold testified that the conversation with Mr. Nyikos "was more to clarify some of the . . . documents." [Doc. 224-3] at 9. She has also stated that she did not refer back to her notes of the conversation when she prepared her report because the discussion with Mr. Nyikos "simply clarified all the points that I needed to have addressed." [Doc. 233-2] at 3.

Plaintiff sent Dr. Arnold a subpoena ordering production of "[a]ll documents related to [this case] and/or your expert opinions offered in [this] case." [Doc. 224-2] at 1. Dr. Arnold did not produce the document, *see* [Doc. 224-3] at 9, and defense counsel declined to produce it as well, claiming that the work-product doctrine protected it. *See* [Doc. 224] at 2. On May 15, 2019, Plaintiff filed the instant Motion to Compel the document's production. [Doc. 221]. On July 2, 2019, the Court ordered Intrepid to email it an unredacted copy of the documents at issue for *in camera* review. [Doc. 280]. Intrepid did so on the same date.

## ANALYSIS

Having reviewed *in camera* an unredacted copy of the document in question, *see* [Doc. 233-1], the Court will deny Plaintiff's Motion to Compel. Intrepid argues that it need not produce the document because it contains attorney work product. [Doc. 233] at 5–7. The Court agrees. *In camera* review revealed that Mr. Toll's questions in the document clearly and unambiguously go to the claims and defenses in the lawsuit and reflect his thought processes and

3

mental impressions regarding Mr. Perucca's report. The text of the email contains no facts or data upon which Dr. Arnold might have relied in formulating her opinions. Such information represents attorney work product. *See* Fed. R. Civ. P. 26(b)(3)(A).

If Mr. Nyikos or Mr. Toll had provided any facts or data that Dr. Arnold considered in forming her opinions, and those facts or data were reflected in Dr. Arnold's notes, the Motion would have some merit. But that is not the case. To the extent Dr. Arnold's notes could be described as reflecting facts or data, there is no indication that such facts or data came from Mr. Nyikos, Mr. Toll, or anywhere other than the documents attached to the email, documents which had been produced in discovery and reviewed by Mosaic's expert. Communications between attorneys and their experts for purposes of trial preparation, including interpretation of documents produced during discovery, are not discoverable. *See* Fed. R. Civ. P. 26(b)(4)(C). There is no indication that Dr. Arnold's notes reflect anything other than such discussions.

Finally, Intrepid argues, "Unfortunately, there is no way to distinguish which notes—if any—reflect pure facts or data provided to Dr. Arnold as opposed to work product. The notes themselves do not so distinguish." [Doc. 233] at 7. Having reviewed an unredacted copy of the document, the Court agrees. As a practical matter, it would be impossible to disentangle any "facts or data" from reflections on counsel's mental impressions without ordering production of the entire document, which would defeat the purpose of Rule 26(b)(4)(C)(ii).[2]

---

[2] Intrepid also argues that Dr. Arnold simply memorialized in her notes Mr. Nyikos' clarification of the attachments, and such clarifications are not "facts or data" under Rule 26. [Doc. 233] at 5–6. Because the Court finds that the document represents attorney work product, it need not reach this issue.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Production of Non-Privileged Documents Considered by Expert Witness Dr. Barbara Arnold [Doc. 221] is **DENIED**. The parties are to bear their own costs and attorney's fees incurred in connection with the Motion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**