IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MOSAIC POTASH CARLSBAD, INC.,

    Plaintiff/Counterclaim Defendant,

vs.                                                 Civ. No. 16-808 KG/SMV
                                                 consolidated with
INTREPID POTASH, INC.,                 Civ. No. 17-1268 KG/SMV
INTREPID POTASH-NEW MEXICO, LLC;
and STEVE GAMBLE,

    Defendants/Counterclaimant.

### ORDER

This matter comes before the Court upon Mosaic Potash Carlsbad, Inc.'s Motion for Leave to File Sur-Reply or, in the Alternative, Oral Argument (Motion), filed June 27, 2019. (Doc. 279). Defendant/Counterclaimant Steve Gamble does not oppose the Motion but Defendants Intrepid Potash, Inc. and Intrepid Potash-New Mexico, LLC (collectively, Intrepid), filed a response on July 11, 2019, opposing the Motion. (Doc. 284).

Plaintiff/Counterclaim Defendant Mosaic Potash Carlsbad, Inc. (Mosaic) moves to file a two-page surreply and supporting declaration with respect to Intrepid's reply (Doc. 268) in support of Intrepid's Motion for Summary Judgment and Memorandum in Support (Doc. 215), and with respect to Intrepid's reply (Doc. 267) in support of Intrepid's Daubert Motion to Exclude Opinion Testimony of Plaintiff's Experts Carlos Perucca and William Chavez (Doc. 213). In the alternative, Mosaic asks for oral argument on both of Intrepid's motions.

Intrepid opposes Mosaic's Motion for two reasons. First, Intrepid argues that Mosaic did not cite legal authority to support the Motion, a violation of Local Rule 7.3(b) (stating that motion "must cite authority in support of the legal positions advanced"). Second, Intrepid argues

that "Mosaic fails to adequately identify any 'new arguments' raised by Intrepid in its" replies. (Doc. 284) at 2.

Intrepid is correct that Mosaic does not cite any authority to support the Motion. On the other hand, considering the short and reasoned nature of the Motion, the Court finds that the lack of authority does not prejudice Intrepid. In light of the lack of prejudice to Intrepid and the Court's preference to rule on the merits of a motion, the Court will not deny the Motion for violating Local Rule 7.3(b). *See* D.N.M. LR-CV 1.7 ("These rules may be waived by a Judge to avoid injustice.").

Next, contrary to Interpid's contention that Mosaic does not "adequately identify any 'new arguments,'" Mosaic states that the replies "raise a new argument premised entirely on a misleading presentation of the record." (Doc. 279) at 1. Then, Mosaic, specifically, asserts that "[i]n particular, Intrepid mischaracterized and took out of context statements from the March 13, 2019 deposition of Mosaic witness Don Purvis." *Id.* Notably, Intrepid fails to explain how this assertion regarding Don Purvis's deposition does not constitute a "new argument." The Court finds that Mosaic has adequately identified a "new argument" raised in Intrepid's replies, which warrants the filing of Mosaic's surreplies. Accordingly, the Court will grant the Motion and allow the filing of the surreplies.

IT IS ORDERED that Mosaic Potash Carlsbad, Inc.'s Motion for Leave to File Sur-Reply or, in the Alternative, Oral Argument (Doc. 279) is granted in that Mosaic may file its surreplies no later than September 30, 2019.

_____
UNITED STATES DISTRICT JUDGE