IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MOSAIC POTASH CARLSBAD, INC.,

    Plaintiff,

v.                                                              No. 16-cv-0808 KG-SMV
                                                                   No. 17-cv-1268 KG-SMV

INTREPID POTASH, INC.,
INTREPID POTASH-NEW MEXICO, LLC,
and STEVE GAMBLE,

    Defendants,

and

STEVE GAMBLE,

    Counterclaimant,

v.

MOSAIC POTASH CARLSBAD, INC.,

    Counter-defendant.

## ORDER DENYING INTREPID'S MOTION FOR LEAVE TO FILE SUR-REPLY

THIS MATTER is before the Court on Defendants Intrepid Potash, Inc. and Intrepid Potash-New Mexico, LLC's (collectively, "Intrepid's") Motion for Leave to File Sur-Reply [Doc. 337], filed on February 27, 2020. Plaintiff Mosaic Potash Carlsbad, Inc. ("Mosaic") and Defendant Steve Gamble have not responded, and no response from them is needed to resolve the Motion. The Court has considered the Motion for Leave to File Sur-Reply, the briefing related to Mosaic's Motion to Enforce, the relevant portions of the record, and the relevant law. Being

otherwise fully advised in the premises, the Court finds that Intrepid's Motion is not well taken and will be denied.

## BACKGROUND

This case involves a dispute over Intrepid's alleged misappropriation of Mosaic's trade secrets and other confidential information. The Court entered its Protective Order on March 15, 2018. [Doc. 62]. The Protective Order allows a party to produce sensitive information by designating it as either Confidential or Attorney's Eyes Only ("AEO"). *See id.* at 1–5. The Protective Order prohibits the parties or party representatives from viewing AEO material but allows those persons to view Confidential information. *See id.*

Mosaic has designated 563 documents as AEO. [Doc. 329] at 3. Intrepid requested that "Mosaic de-designate all of its [AEO] Information as regular Confidential" in order for Intrepid to properly prepare for trial. [Doc. 324-9] at 2. Mosaic objected to this request and filed its Motion to Enforce Attorneys' Eyes Only Designations Made Pursuant to Stipulated Protective Orders on January 16, 2020. [Doc. 322]. Intrepid responded to this Motion on January 30, 2020. [Doc. 329]. Mosaic replied on February 13, 2020. [Doc. 332]. The Motion to Enforce remains pending.

Intrepid filed the instant Motion for Leave to File Sur-Reply on February 27, 2020. [Doc. 337]. It argues that the Court should permit it to file a surreply because (1) Mosaic cited a new case in its Reply in support of its Motion to Enforce, (2) Mosaic has ignored the relevant language of the Protective Order, and (3) Intrepid should bring to the Court's attention new developments in the parties' negotiation over Mosaic's AEO designations. *Id.* at 1–2. Intrepid attached its proposed surreply to the instant Motion. [Doc. 337-1].

**ANALYSIS**

The filing of a surreply requires leave of the court. D.N.M.LR-Civ. 7.4(b). "Generally, a motion for leave to file a surreply is disfavored, and a court will grant such a motion only in the event that new information is raised in a . . . reply brief, or some other exceptional circumstance compels the filing of a surreply." *Smith v. Dominguez*, No. 03-cv-0465 JP/ACT, 2004 WL 7337810, at *3 (D.N.M. Aug. 20, 2004); *see Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998) ("When a moving party advances in a reply new reasons and evidence in support of its motion . . . the nonmoving party should be granted an opportunity to respond.").

The Court disagrees with each of Intrepid's arguments in support of its Motion. First, Intrepid argues that the Court should grant it leave to file a surreply because Mosaic has "cite[d] new case law" in its Reply. [Doc. 337] at 1. Yet, "citing new cases to support legal theories already raised in a . . . motion is permissible and does not warrant a surreply." *Carter v. Spirit AeroSystems, Inc.*, No. 16-01350-EFM, 2019 WL 3732684, at *12 (D. Kan. Aug. 8, 2019); *see Lemesany v. Gen. Motors LLC*, No. 19-cv-0658 KG/SCY, 2020 WL 59886, at *1 (D.N.M. Jan. 6, 2020) ("Additionally, the two new cases Plaintiff cites in his reply do not constitute new legal arguments because they pertain to a legal issue Plaintiff already raised in [the] Motion . . . ."); *In re Motor Fuel Temperature Sales Practices Litig.*, No. 07-1840-KHV, 2011 WL 5506259, at *2 (D. Kan. Nov. 10, 2011). Intrepid correctly notes that Mosaic cited new case law in its Reply. *See* [Doc. 332] at 4–5 (citing *Beam Sys., Inc. v. Checkpoint Sys., Inc.*, No. CV95-4068-RMT (AJWX), 1997 WL 364081, at *6–7 (C.D. Cal. Feb. 10, 1997)). Mosaic did so while arguing that the Court should retain an AEO designation at trial because the Court should not force it to choose between presenting its claims publicly at trial (thereby losing its trade secrets) and forgoing a potentially

valid claim in order to protect its confidential information. *Id.* However, Mosaic advanced this argument in its Motion. The fundamental premise of Mosaic's Motion to Enforce is that the Protective Order should allow it to prosecute its claims and still protect its confidential information by designating that information as AEO. *See, e.g.*, [Doc. 322] at 17–19 (outlining the reasons why AEO designations exist); *id.* at 22 n.5 (stating that the Court should protect a litigant's right to bring a trade-secret claim by, e.g., sealing parts of the trial); *id.* at 23 (citing authorities suggesting that a court should protect trade secrets by entering protective orders). Because Mosaic advanced in its Motion the legal theory that it should be allowed to pursue its claims without fear of losing its confidential information, its citation to "new" case law in its Reply in support of this theory does not justify a surreply.

Second, Intrepid argues that the Court should grant it leave to file a surreply because Mosaic "continues to ignore" the language of the Protective Order permitting a party to file a "motion addressing how Confidential or [AEO] Information shall be treated at trial." [Doc. 337] at 1 (quoting [Doc. 62] at 12). The Court disagrees. First, Mosaic's alleged ignoring of an important part of the Protective Order does not constitute a new argument raised by Mosaic in its Reply and, therefore, does not justify a surreply. Second, the proposed surreply simply states that the Protective Order allows a party to file a motion addressing how the Court will handle AEO material at trial. [Doc. 337-1] at 4. Intrepid made this argument already in its Response, [Doc. 329] at 5, 19, and repeating it in a surreply would not meaningfully assist the Court in resolving Mosaic's Motion to Enforce.

Third, Intrepid argues that the Court should permit it to file a surreply because developments in negotiations between the parties over Mosaic's AEO designations affect

resolution of the Motion. Specifically, according to Intrepid, on February 21, 2020, Intrepid suggested for the first time that Mosaic de-designate only the documents relevant at trial. [Doc. 337-1] at 2. Again, however, this development does not represent a new argument made by Mosaic in its Reply and, therefore, does not justify a surreply. Nonetheless, the Court encourages parties to attempt to resolve disputes and appreciates Intrepid's efforts to keep it appraised of developments affecting pending motions. Thus, the Court will not allow Intrepid to file its proposed surreply, but Intrepid or Mosaic may file a notice on the docket informing the Court of whether the parties have resolved part or all of their dispute over Mosaic's AEO designations. Counsel should not attempt to "sneak" argument into any such notice.

## CONCLUSION

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Intrepid's Motion for Leave to File Sur-Reply [Doc. 337] is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**